**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4212

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORBIN JURAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:19-cr-00141-FL-1)

Submitted:  February 3, 2022                    Decided:  February 9, 2022

Before WILKINSON and NIEMEYER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Elisa Cyre Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corbin Juran pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924, conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court overruled Juran's objection to the probation officer's application of the two-level enhancement under U.S. Sentencing Guideline Manual § 3B1.1(c) (2018), for Juran's aggravating role as an organizer, leader, manager, or supervisor, and rejected Juran's request for a downward variance based on the Sentencing Guidelines' treatment of acetyl fentanyl. The court sentenced Juran to 84 months' imprisonment, at the low end of the applicable Guidelines range. Juran appeals, challenging the procedural and substantive reasonableness of this sentence. Finding no reversible error, we affirm.

We review a sentence for procedural and substantive reasonableness "'under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). With regard to procedural reasonableness, Juran argues that the district court erred by applying the aggravating role enhancement under USSG § 3B1.1(c). A district court commits procedural error "by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Ventura*, 864 F.3d 301, 308 (4th Cir. 2017) (cleaned up). "In reviewing whether a sentencing court properly calculated the Guidelines range,

we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). The district court's determination that a defendant held an aggravating role in criminal activity is reviewed for clear error. *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013).

A defendant's offense level under the Guidelines is to be enhanced by two levels if the defendant "was an organizer, leader, manager, or supervisor in any criminal activity." USSG § 3B1.1(c). The enhancement is warranted if the defendant was an organizer, leader, manager, or supervisor "of one or more other participants." *Id.* cmt. n.2. The facts establishing the enhancement must be supported by a preponderance of the evidence. *Steffen*, 741 F.3d at 414.

We conclude that the district court did not clearly err in finding that the preponderance of the evidence supported application of the aggravating role enhancement in this case because Juran managed or directed the activities of Shelby Parker in executing his drug operation. *See United States v. Bartley*, 230 F.3d 667, 673-74 (4th Cir. 2000) (finding leadership enhancement applicable when defendant handled terms of drug transactions and arranged logistics of the deliveries but had someone else execute delivery).

Juran next argues that his 84-month prison sentence is substantively unreasonable because he was not a large-scale drug dealer, he accepted responsibility for his actions, and the Sentencing Guidelines overly punish the possession of acetyl fentanyl. "A sentencing court must impose a sentence sufficient, but not greater than necessary, to serve the purposes of the Guidelines and factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (internal quotation marks omitted). In

3

reviewing the substantive reasonableness of a sentence, this court "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 687 (2020). Sentences that are within or below the properly calculated Guidelines range are presumptively substantively reasonable, *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018), and Juran bears the burden of demonstrating that his sentence is unreasonable when measured against the § 3553(a) factors, *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

Our review of the record reveals that the district court adequately considered the advisory Sentencing Guidelines in light of the § 3553(a) factors, particularly mentioning Juran's mental health and substance abuse issues, and the needs for the sentence to protect the public, promote respect for the law, and provide general deterrence. The district court appropriately considered Juran's argument that the Guidelines overly punished possession of acetyl fentanyl, determined that a sentence within the range Juran suggested would be insufficient to meet the goals of sentencing, but sentenced Juran at the low end of the applicable Guidelines range based on his offense conduct and personal history and characteristics and after considering the Guidelines' treatment of acetyl fentanyl. Affording due deference to the district court's decision that the § 3553(a) factors on the whole justified an 84-month prison term in Juran's case, *see Gall*, 552 U.S at 51, we conclude that Juran has not rebutted the presumption of reasonableness afforded his within-Guidelines prison sentence.

4

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*